### RICHTER v DEPARTMENT OF NATURAL RESOURCES

Docket No. 100155. Submitted April 20, 1988, at Lansing. Decided November 7, 1988.

The Department of Natural Resources, suspecting water pollution at or near oil wells operated by Ervin E. Richter under an oil and gas lease, obtained an administrative inspection warrant from the 71-B District Court magistrate allowing the DNR to enter Richter's leased premises to install groundwater monitoring wells and to collect soil, water, brine and oil samples for study. Richter petitioned the district court to quash the warrant. The district court denied the petition and on appeal the Tuscola Circuit Court, Patrick R. Joslyn, J., affirmed the district court's denial. Petitioner Richter appealed by leave granted.

The Court of Appeals *held:*

1. The circuit court did not abuse its discretion in accepting respondent's tardily filed appellate brief and in allowing respondent to present oral arguments. MCR 7.101, which governs appeals from the district court to the circuit court, is silent as to the ramifications of a tardily filed appellee's brief. In the absence of express authority to the contrary, the decision of whether to accept a late brief and allow oral arguments is best left to the discretion of the circuit court.

2. While the DNR could have obtained authorization for the on-site inspections involved in this case through hearings conducted pursuant to the oil and gas act and the Water Resources Commission Act, neither one of those acts precludes the DNR from obtaining an administrative inspection warrant from a district court magistrate pursuant to the magistrate's statutory authority to issue search warrants.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 684 *et seq.*

Am Jur 2d, Pollution Control §§ 129 *et seq.,* 182 *et seq.*

Pollution control: preliminary mandatory injunction to prevent, correct, or reduce effects of polluting practices. 49 ALR3d 1239.

Validity and construction of anti-water pollution statutes or ordinances. 32 ALR3d 215.

1. APPEAL — CIRCUIT COURT — DISTRICT COURT — APPELLATE BRIEFS
   — ORAL ARGUMENTS.

   A circuit court, in an appeal from a district court, has discretion
   over whether to allow the late filing of an appellate brief and
   whether to allow a party who tardily files a brief to present
   oral arguments; the Court of Appeals will not disturb such a
   decision by a circuit court in the absence of an abuse of
   discretion (MCR 7.101).

2. ENVIRONMENT — ADMINISTRATIVE INSPECTION WARRANTS —
   SEARCHES AND SEIZURES — DEPARTMENT OF NATURAL RE-
   SOURCES — OIL AND GAS WELLS — WATER POLLUTION.

   A district court magistrate, under his statutory authority to issue
   search warrants, may issue an administrative inspection war-
   rant allowing the Department of Natural Resources to enter an
   oil and gas lessee's premises to install groundwater monitoring
   wells and to collect soil, water, brine and oil samples where
   water pollution is suspected (MCL 600.8511[d]; MSA
   27A.8511[d]).

*Douglas C. Dosson,* for petitioner.

*William D. Bond* and *Victor A. Fitz,* for respon-
dent.

Before: KELLY, P.J., and SULLIVAN and M. J.
SHAMO,* JJ.

SULLIVAN, J. Petitioner appeals by leave granted
from a circuit court decision which upheld a dis-
trict court order denying petitioner's petition to
quash an administrative inspection warrant. We
affirm.

The facts giving rise to the instant case are not
difficult. Petitioner, Ervin E. Richter, is the lessee
of an oil and gas lease in Elmwood Township,
Tuscola County. Petitioner owns and operates sev-
eral oil wells at the leased premises. Environmen-
tal conservation officers and technical experts of
respondent, Department of Natural Resources,

---

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

compiled information and evidence that led them to believe that water pollution existed at or near petitioner's oil well sites. As a result, respondent applied to the district court magistrate for an administrative inspection warrant. In its application, respondent requested permission to enter petitioner's leased premises to install groundwater monitoring wells and to collect soil, water, brine and oil in order to investigate the suspected pollution of ground and surface waters in the area. According to petitioner, at no time relevant to these proceedings was there a civil or criminal action pending against petitioner relative to the oil sites.

On April 21, 1986, the district court magistrate issued respondent an administrative inspection warrant. In response, petitioner petitioned the district court to quash the warrant, which petition was subsequently denied on May 15, 1986.

Petitioner then appealed this ruling to the circuit court which, on April 21, 1987, upheld the district court. On April 27, 1987, petitioner applied to this Court for leave to appeal. On November 6, 1987, this Court granted petitioner leave to appeal. Petitioner's subsequent motion for peremptory reversal was denied by this Court on March 4, 1988.

Petitioner's first challenge is multifaceted but nevertheless interrelated. Petitioner claims that in an appeal from the district court, the circuit judge did not have discretion to accept respondent's untimely brief and that even if the court had the requisite discretion, accepting respondent's brief more than three months after the "deadline" was clearly an abuse of that discretion. Similarly, respondent's failure to timely file a brief should have resulted in forfeiture of the right to present oral argument.

Petitioner filed his brief with the circuit court

on July 2, 1986. The parties then signed a stipulation that extended the filing time for respondent's brief to September 5, 1986. However, respondent did not file its brief until December 8, 1986. Petitioner then moved to strike respondent's brief because it was more than three months late. On April 6, 1987, the circuit court denied petitioner's motion to strike.

On April 6, 1987, a hearing was held before the circuit court on the merits of petitioner's appeal. Before oral arguments commenced, petitioner requested that respondent be denied the privilege of oral argument because its brief was not timely filed. Petitioner argued that respondent's failure to timely file its brief should forfeit respondent's right to oral argument pursuant to MCR 7.212(A)(4). The court denied petitioner's request and oral arguments were made by both parties.

MCR 7.101 governs appeals from district court to circuit court. As correctly noted by petitioner, MCR 7.101 makes no provision for an appellee's late filing of a brief. Petitioner concludes, therefore, that if an appellee is untimely, he forfeits this right and is precluded altogether from filing a brief. We are unpersuaded by petitioner's logic and arguments. There is no court rule that requires a circuit court to reject an appellee's brief that is not timely filed and we are not inclined, nor are we at liberty, to impose such a rule. Furthermore, we believe the more reasonable approach, in the absence of express authority otherwise, is to leave such a decision to the sound discretion of the trial judge.

We are also unpersuaded that, under the circumstances of this case, the circuit court abused its discretion in accepting respondent's brief. At the time respondent filed its brief, this case had not yet been scheduled for a hearing pursuant to

MCR 7.101(L)(1). Thus, respondent's late filing did not delay the proceedings and petitioner still had sufficient time to respond before a hearing was held. Furthermore, additional information by way of the respondent's brief afforded the court an opportunity to be more fully informed as to the issues.

Similarly, we find no error in the court's decision to permit respondent to present oral argument. According to MCR 7.101(K), respondent was not automatically entitled to argument in circuit court. Nevertheless, despite MCR 7.212(A)(4), respondent's failure to timely file did not result in the forfeiture of its right to oral arguments. Consequently, although respondent was not automatically entitled to oral argument, the circuit court still had discretion to allow respondent to orally argue. It exercised that discretion and we find no error.

Petitioner also argues that an administrative inspection warrant issued by a district court magistrate is not the appropriate mechanism whereby the DNR may enter the premises and install groundwater monitoring wells to test for contamination. Rather, petitioner contends that both the oil and gas act, MCL 319.1 *et seq.*; MSA 13.139(1) *et seq.*, and the Water Resources Commission act, MCL 323.1 *et seq.*; MSA 3.521 *et seq.*, require that an administrative hearing be conducted which culminates in an approval to execute such a project. MCL 319.7; MSA 13.139(7) and MCL 323.2; MSA 3.522, respectively. Here, there was no hearing nor did either administrative board, the Water Resources Commission, MCL 323.1; MSA 3.521, nor the Advisory Board, MCL 319.3; MSA 13.139(3), authorize this project.

The parties do not dispute that neither act expressly provides for an administrative inspection

warrant, but only for a hearing. Petitioner thus theorizes that such an omission is a clear indication that the Legislature believed the administrative procedure and corresponding protections are adequate. See MCL 333.7501 *et seq.*; MSA 14.15(7501) *et seq.*, which specifically provides for obtaining administrative inspection warrants. We disagree. While the respective acts serve to regulate the industry, it does not necessarily follow that an appropriate agency cannot seek an administrative inspection warrant. Simply put, while the statutorily created hearings provide one mechanism, we do not believe that it necessarily forecloses the courts as an additional avenue.

MCL 323.6(a); MSA 3.526(a) provides:

> It shall be unlawful for any persons directly or indirectly to discharge into the waters of the state any substance which is or may become injurious to the public health, safety or welfare; or which is or may become injurious to domestic, commercial, industrial, agricultural, recreational, or other uses which are being or may be made of such waters; or which is or may become injurious to the value or utility of riparian lands; or which is or may become injurious to livestock, wild animals, birds, fish, aquatic life, or plants or the growth or propagation thereof be prevented or injuriously affected; or whereby the value of fish and game is or may be destroyed or impaired.

In addition, the oil and gas act prohibits a person from committing waste in the exploration for or in the development, production, or handling or use of oil or gas, or in the handling of any product thereof. MCL 319.4; MSA 13.139(4). MCL 319.2(1); MSA 13.139(2)(1), defines waste to include the unreasonable damage to underground fresh water.

MCL 323.4; MSA 3.524 further provides:

> The commission or any agent [DNR] duly appointed by it shall have the right to enter at all reasonable times in or upon any private or public property for the purpose of inspecting and investigating conditions relating to the pollution of any waters . . . .

With respect to oil and gas, MCL 319.6(b); MSA 13.139(6)(b) states:

> The supervisor shall prevent the waste prohibited by this act. To that end, acting directly or through his authorized representatives, the supervisor, after consulting with the board, is specifically empowered:
>
> \* \* \*
>
> (b) To collect data to make inspections, studies, and investigations, to examine such properties, leases, papers, books and records as are necessary to the purposes of this act; to examine, check, and test and gauge oil and gas wells and tanks, plants, refineries, and all means and modes of transportation and equipment, to hold hearings, to provide for the keeping of records and making of reports, and for the checking of the accuracy thereof.

We believe that under this statutory scheme it was proper for the district court magistrate, upon a showing of why an on-site inspection is justified, to issue a warrant allowing the DNR to "place the wells, collect samples and perform the necessary studies." Moreover, we agree with the district judge that search warrants are traditionally executed only after consideration by a neutral party—a magistrate. MCL 600.8511(d); MSA 27A.8511(d) expressly grants authority to a district court magistrate to issue "search warrants." We see no indication from this statute that the Legislature

intended search warrants in a criminal context only. Rather, we believe the phrase "search warrants" encompasses administrative search warrants as well. See MCL 780.651; MSA 28.1259(1).

Finally, petitioner's reliance on MCL 323.10(2); · MSA 3.529(1)(2) as conferring exclusive jurisdiction of proceedings under the Water Resources Commission act with the circuit court is misplaced. Since, at the time, no violations of the Water Resources Commission act had been discovered, this section does not come into play.

In light of our conclusion that the administrative inspection warrant was properly issued, we find it unnecessary to address whether the DNR is entitled to inspect the groundwater without a warrant on the basis that petitioner's oil wells are part of the previously regulated oil and gas industry.

Affirmed.