STEIN v MICHIGAN EMPLOYMENT SECURITY COMMISSION

STEIN v WISEMAN

Docket Nos. 179929, 182094. Submitted April 9, 1996, at Grand Rapids. Decided September 24, 1996, at 9:15 A.M.

Melvin and Lewis Stein and Modern Roofing, Inc., which is owned and operated by the Steins, brought an action in the Court of Claims against the Michigan Employment Security Commission, seeking damages for intentional or reckless infliction of emotional distress, bad faith, gross negligence, business disparagement, and retaliatory prosecution after an employee of the commission, Wanda Kay Wiseman, obtained and executed a search warrant to obtain the plaintiffs' business records to aid in an investigation of fraudulently obtained unemployment benefits by present and former employees of the plaintiffs. The court, Carolyn Stell, J., granted summary disposition for the commission, finding that the plaintiffs had failed to plead a cause of action that avoided governmental immunity. The plaintiffs appealed (Docket No. 179929).

The same plaintiffs also brought an action in the Kent Circuit Court against Wanda Kay Wiseman, seeking damages on the basis of the same allegations and alleging that Wiseman's conduct constituted tortious and ultra vires activity for which governmental immunity was not an available defense. The court, Robert A. Benson, J., granted summary disposition for Wiseman, finding that the commission had the right to obtain the search warrant, that Wiseman did not mislead the magistrate who authorized the warrant, that Wiseman's conduct was not an abuse of process, and that the plaintiffs had not exhausted their administrative remedies. The plaintiffs appealed (Docket No. 182094). The appeals were consolidated.

The Court of Appeals *held*:

1. Although Wiseman could have obtained the records through the use of a subpoena authorized pursuant to MCL 421.9; MSA 17.509, the existence of that statutory provision does not foreclose the option of seeking a search warrant. The statutory scheme set forth in the Michigan Employment Security Act, MCL 421.1 *et seq.*; MSA 17.501 *et seq.*, requires a conclusion that employees of the commission may seek search warrants in appropriate circumstances. Encompassed within the commission's authority to con-

duct fraud investigations, which can lead to criminal prosecutions, is the ability to utilize the tools necessary to carry out such investigations, including search warrants. Agents of the commission are entitled to obtain and execute search warrants when investigating fraud claims arising pursuant to the Michigan Employment Security Act.

2. The circumstances were appropriate in this case for the issuance of the warrant. The procedure followed by Wiseman was proper.

3. Wiseman's actions in seeking the warrant were not grossly negligent and did not exceed the scope of her authority. Summary disposition of the tort claims against her was proper.

4. Summary disposition was properly granted for the commission on the basis of governmental immunity.

Affirmed.

ADMINISTRATIVE LAW — EMPLOYMENT SECURITY COMMISSION — FRAUD INVESTIGATION — SEARCH WARRANTS — SUBPOENAS.

Employees of the Michigan Employment Security Commission may seek and execute search warrants when investigating fraud claims arising pursuant to the Michigan Employment Security Act; statutory authorization for the issuance of a subpoena does not bar the use of a search warrant in appropriate circumstances (MCL 421.9; MSA 17.509).

*G. Patrick Hillary, Frank G. Hillary,* and *Marie Kessler,* for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Margaret A. Nelson,* Assistant Attorney General, for the defendants.

Before: GRIBBS, P.J., and HOEKSTRA and C. H. STARK,* JJ.

PER CURIAM. Plaintiffs appeal as of right orders of the Court of Claims and the Kent Circuit Court granting defendants' motions for summary disposition. The appeals were consolidated. We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs argue that the respective trial courts erred in granting defendants' motions for summary disposition because plaintiffs alleged sufficient facts to demonstrate that defendant Wanda Kay Wiseman's conduct constituted tortious and ultra vires activity, which removed her from having governmental immunity from tort liability pursuant to MCL 691.1407; MSA 3.996(107), and that defendant Michigan Employment Security Commission (MESC)[1] lost its governmental immunity protection under the same statutory section when it condoned Wiseman's conduct and continued investigating plaintiffs.

The facts giving rise to the instant suits involve Wiseman's execution of a search warrant covering the business records of plaintiff Modern Roofing, Inc., which is owned and operated by plaintiffs Melvin and Lewis Stein. Plaintiffs contacted the MESC in 1991 requesting a redetermination of benefits paid to a former employee. Wiseman, an employee of the MESC, was assigned to investigate the matter. On the basis of information she received, Wiseman broadened her investigation to include other employees. After reviewing plaintiffs' payroll records, Wiseman concluded that numerous employees had illegally drawn unemployment benefits while working for plaintiffs. Wiseman sent a letter to Melvin Stein indicating what additional information she would require for her investigation. Plaintiffs sent a letter back to Wiseman indicating that the information she requested was attached; however, Wiseman claimed that no attachments were included with the letter.

---

[1] This entity is now a part of the Michigan Employment Security Agency. See MCL 421.93; MSA 17.569(93).

Wiseman then completed an affidavit for a search warrant for the records she required and obtained a search warrant through an Allegan County magistrate. With the assistance of a state police trooper, Wiseman executed the search warrant and obtained the records at issue. In part on the basis of the information obtained, nine felony complaints were issued against current and former employees of plaintiffs. The MESC also determined that plaintiffs had fraudulently aided their employees in collecting unemployment benefits, and plaintiffs were ordered by the MESC to repay benefits of more than $16,000.

Plaintiffs then filed a suit against Wiseman in the Kent Circuit Court and a suit against the MESC in the Court of Claims, claiming intentional or reckless infliction of emotional distress, bad faith, gross negligence, business disparagement, and retaliatory prosecution. Plaintiffs sought exemplary and punitive damages. In Docket No. 179929, the Court of Claims granted defendant MESC's motion for summary disposition, finding that plaintiffs had failed to plead a cause of action that avoided governmental immunity. In Docket No. 182094, the Kent Circuit Court granted Wiseman's motion for summary disposition, finding, among other things, that the MESC had a right to obtain a search warrant, that Wiseman had not misled the magistrate, that Wiseman's conduct was not an abuse of process, and that plaintiffs had not exhausted their administrative remedies. Plaintiffs appealed from both orders, arguing that the respective trial courts erred in granting summary disposition to defendants, and their appeals were consolidated for purposes of appellate review.

With regard to Docket No. 182094, the case against Wiseman, plaintiffs argue that Wiseman was not entitled to the immunity provided by MCL 691.1407(2); MSA 3.996(107)(2) because her conduct in seeking and executing a search warrant constituted gross negligence and was outside the scope of her employment. Because Wiseman allegedly did not meet the conditions for immunity under MCL 691.1407(2); MSA 3.996(107)(2), plaintiffs argue that summary disposition of plaintiffs' tort claims was improperly granted on the basis of the statute. Plaintiffs also argue that summary disposition of their intentional tort claims against Wiseman, which fall outside the scope of governmental immunity, was improperly granted.

Turning first to plaintiffs' main argument, plaintiffs claim that Wiseman acted outside the scope of her authority in obtaining a search warrant to review plaintiffs' records because the Michigan Employment Security Act (MESA), MCL 421.1 *et seq.*; MSA 17.501 *et seq.*, under which Wiseman operates, does not expressly authorize the use of search warrants. Plaintiffs rely upon MCL 421.9; MSA 17.509 in arguing that Wiseman's only means of obtaining the records was through the use of a subpoena. That section provides, in pertinent part:

> The commission may by itself, or by its duly appointed agents, examine or copy the books, records and papers of any employing unit relating to any requirement pertaining to this act. Any member of the commission or its duly authorized agents may issue a subpoena requiring any person to appear before the commission, or its duly authorized agent at any reasonable time and place, and be examined with reference to any matter within the scope of the inquiry or investigation being conducted by the commission and to

> produce any books, records or papers pertaining to the question involved.

While plaintiffs are correct that the use of a subpoena pursuant to the above statutory section would have been one way for Wiseman to have obtained the records at issue, we do not believe that the existence of the foregoing provision forecloses the option of seeking a search warrant. This Court in *Richter v Dep't of Natural Resources*, 172 Mich App 658, 663; 432 NW2d 393 (1988), reached a similar decision with regard to the Department of Natural Resources' (DNR) authority to seek an administrative search warrant. In *Richter*, this Court concluded that the DNR was entitled to obtain an administrative search warrant despite the lack of express authorization to do so in any statutory section and that statutory authorization to conduct hearings did not bar the use of a search warrant in appropriate circumstances.

We believe that the statutory scheme set forth in the MESA, like the statutory scheme discussed in *Richter*, requires a conclusion that employees of the MESC may seek search warrants in appropriate circumstances. The basic purpose of the MESA is to lighten the burden of involuntary unemployment on the unemployed worker and his family. MCL 421.8(2); MSA 17.508(2). In carrying out this purpose, the MESC, according to the act, is instructed to perform various duties. The duties encompass, among other things, establishing policies to reduce and prevent unemployment, aiding in retraining and vocational guidance, promoting reemployment, and carrying on investigations and research studies. MCL 421.3(d); MSA 17.503(d).

One of the investigative duties contemplated by the act is the duty to investigate fraud. The title of the MESA specifically provides that the MESA is an act to "furnish certain information to certain governmental agencies for use in . . . investigating and prosecuting fraud." MCL 421.54; MSA 17.558, MCL 421.54a; MSA 17.558(1), MCL 421.54b; MSA 17.558(2), MCL 421.54c; MSA 17.558(3) of the MESA all authorize the MESC and its employees to turn over an active investigation to a prosecuting attorney's office for criminal prosecution if the MESC determines that the provisions of the act have been knowingly and wilfully violated. We believe that encompassed within this authority to conduct fraud investigations, which can lead, as in the instant case, to criminal prosecutions, is the ability to utilize the tools necessary to carry out such investigations, including search warrants. Accordingly, we hold that agents of the MESC are entitled to obtain and execute search warrants when investigating fraud claims arising pursuant to the MESA.

Here, we find that Wiseman was actively conducting a fraud investigation and that the circumstances were appropriate for the issuance of the warrant. Wiseman followed proper procedures in completing an affidavit and warrant and in submitting those to a magistrate. The affidavit for the search warrant specifically stated that Wiseman needed the information "to pursue these criminal violations of False Pretenses Over $100.00 by these employees and possibly this company." The information obtained was in fact utilized to prepare criminal prosecutions against several of plaintiffs' current and former employees. After Wiseman's investigation, those cases were referred to the appropriate county prosecuting

attorney's offices, resulting in nine guilty pleas to lesser offenses. On the basis of Wiseman's affidavit, the magistrate had a substantial basis for finding probable cause and issuing the warrant.

Turning now to plaintiffs' claim that Wiseman's actions constituted gross negligence, we likewise reject plaintiffs' argument that because Wiseman was given information by current and former employees regarding plaintiffs' lack of involvement in the fraud, she was grossly negligent in seeking the warrant. The fact that plaintiffs' employees and former employees may have told Wiseman that plaintiffs were not involved in the fraud being committed does not make her decision to pursue an investigation against plaintiffs an act of "bad faith." Given the inherent untruthfulness of many of these employees, nine of whom later pleaded guilty of obtaining more than $100 under false pretenses or of attempted larceny in a building, Wiseman's decision to continue investigating plaintiffs cannot be considered bad faith or gross negligence, as plaintiffs suggest. Furthermore, the information obtained in the search pertained not only to plaintiffs, but was also used to prosecute several of plaintiffs' employees.

Given our conclusion that Wiseman's actions in seeking the warrant at issue were not grossly negligent and did not exceed the scope of her authority, summary disposition of plaintiffs' tort claims was properly granted pursuant to MCR 2.116(C)(7). Wiseman's governmental immunity protection was not forfeited by the procurement of the search warrant.

Furthermore, plaintiffs' intentional tort claims against Wiseman were also properly dismissed. All of plaintiffs' claims, including those for intentional tort,

stemmed from the alleged impropriety of the search warrant. Because we have concluded that utilization of a search warrant was proper given the facts of this case, plaintiffs' claims of intentional tort against Wiseman were also properly dismissed.

With regard to Docket No. 179929, the case against the MESC, we believe that the Court of Claims properly granted summary disposition in this case as well. All of plaintiffs' claims against the MESC were barred by the governmental immunity protection afforded by MCL 691.1407(1); MSA 3.996(107)(1). Plaintiffs can neither premise the MESC's liability upon the specific conduct of an employee nor hold the MESC liable for intentional torts. *Payton v Detroit*, 211 Mich App 375, 392; 536 NW2d 233 (1995). The MESC was entitled to the governmental immunity protection afforded by MCL 691.1407(1); MSA 3.996(107)(1), and summary disposition was properly granted on this basis.

Affirmed.